# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

TERESA COUNCELL                                                  PLAINTIFF

V.                                         CAUSE NO. 3:17-CV-56-CWR-RHW

NANCY A. BERRYHILL, Acting                                DEFENDANT
Commissioner Of Social Security

## ORDER

Teresa Councell has been seeking Social Security disability benefits since 2013. She told the Administrative Law Judge presiding over her case that this "has been the most traumatic and horrible experience of my life." Docket No. 9 at 63. Unfortunately, her case is not over.

The ALJ found that Councell could perform a job "limited to simple, routine and repetitive tasks but not at a production rate pace; she has the ability to make simple work-related decisions." *Id.* at 26. The ALJ then found that Councell could work as a surveillance system monitor, a job which requires a reasoning level of three. "A level three in reasoning development means that the claimant should be able to 'Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . and deal with problems involving several concrete variables in or from standardized situations.'" *Jefferson v. Astrue*, No. 2:12-CV-5-KS-MTP, Docket No. 15 (S.D. Miss. Jan. 29, 2013) (citation and brackets omitted).

The problem is, of course, the apparent conflict between Councell's present abilities (simple tasks) and the job Social Security expects her to do (deal with problems involving several variables). The ALJ did not identify any other job that Councell could perform.

In such a situation, Social Security Ruling 00-4p required the ALJ to "obtain a reasonable explanation for the apparent conflict" from the Vocational Expert, and then "explain in the determination or decision how he or she resolved the conflict." That did not happen here. The

case must therefore be remanded to the Social Security Administration. *Accord Jefferson*, *supra* ("Here, as stated above, the ALJ did not question the VE about the conflict between his testimony and the DOT. Moreover, it appears that Plaintiff's restriction to understanding and carrying out simple instructions, as stated above, is more compatible with a reasoning development level of one or two."); *Lloyd v. Astrue*, No. 1:11-CV-263-LG-RHW, 2012 WL 3685967, at *4 (S.D. Miss. June 21, 2012) (remanding where "neither the VE nor the ALJ acknowledged or explained the apparent discrepancy between the Plaintiff's reasoning level (which would be consistent with Level 1 reasoning development) and the jobs identified by the VE from the DOT (which require Level 3 reasoning development)."); *Gheen v. Colvin*, No. 4:16-CV-32-JMV, Docket No. 18 (N.D. Miss. Oct. 25, 2016) ("Specifically, the ALJ's written decision does not explain the ALJ's reasons for relying on the VE's testimony that the claimant, who was limited to simple instructions and routine, repetitive tasks, could perform jobs classified in the DOT at Reasoning Development Level 3.").

In the course of hearing this matter and producing their thorough opinions, the ALJ and the Magistrate Judge indicated some skepticism that Councell truly lacked the reasoning necessary to succeed as a surveillance system monitor. They may be correct—perhaps Councell's abilities *are* fully consistent with the expectations of that job. *See Lloyd*, 2012 WL 3685967, at *4. But the resolution of that question is best reserved for further proceedings conducted in accordance with SSR 00-4p.

The case is remanded. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 24th day of January, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE